UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HILTON JAMES JACOB, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1879** |
| **SOUTHERN FIDELITY INSURANCE COMPANY** | **SECTION "R"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.     Factual and Procedural Background

Plaintiff Hilton James Jacob, Jr. ("Jacob") was an inmate housed in the Jefferson Parish Correctional Center in Gretna, Louisiana, when he submitted this *pro se* complaint under 42 U.S.C. § 1983 seeking recovery of insurance proceeds after a burglary at his apartment. ECF No. 1, at 4-5, ¶IV (Deficient Complaint). Jacob did not pay the filing fee or submit an application to proceed *in forma pauperis*.

On October 15, 2021, the Clerk of Court sent Jacob a notice of this deficiency which required that he either pay the filing fee or submit a certified pauper application within twenty-one (21) days of the date of the notice. ECF No. 2. The envelope containing the notice was returned marked "Return to Sender" and "No CCN#," indicating that the clerk had not included a correctional center inmate number in the address. ECF No. 3. On January 6, 2022, the notice of deficiency was remailed to Jacob at his prison address of record with his inmate number included. *See* Docket Entry, 1/6/22. This envelope was returned to the clerk's office on February 18, 2022,

marked "Return to Sender No Longer at JPCC" and "Unable to Forward." ECF No. 4. Jacob has not contacted the clerk or the Court about his case and has not provided a current address.

## II.  Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, plaintiff is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

Furthermore, all litigants are obligated to keep the court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1. In addition, the complaint form used by Jacob to institute this action contains the following declaration: "I understand that if I am released or transferred, it

2

is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." ECF No. 1, at 5 (Plaintiff's Declaration, §VI, No. 2). "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).

### III.   Analysis

As noted above, Jacob has not paid the filing fee or filed a request for leave to proceed *in forma pauperis*. He has left this case filing incomplete and made no effort to keep in touch with or contact the clerk or the Court since its submission in October of 2021. His failure to do so or provide a current address has impeded the clerk's ability to communicate his filing deficiencies and the Court's ability to move forward with this case. For these reasons, Jacob's § 1983 complaint should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

### IV.   Recommendation

It is therefore **RECOMMENDED** that Jacob's § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

esult from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 11th day of March, 2022.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.